UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BILLY R. MORRIS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-1064-SEB-TAB |
| | ) | |
| THE HERTZ CORPORATION, | ) | |
| Defendant. | ) | |

**ENTRY GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on Defendant's Motion to Dismiss [Docket No. 16], filed on October 8, 2007, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Billy Morris, brings his claim against his employer, Defendant, The Hertz Corporation ("Hertz"), for its allegedly discriminatory actions towards him based on his race (African-American), color, and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and based on his disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*[1] For the reasons detailed in this entry, we GRANT IN PART and DENY IN PART Defendant's Motion to Dismiss.

---

[1] In his complaint, Mr. Morris alleges disability discrimination pursuant to Title VII. As Hertz points out, such a claim must be brought under the ADA, not Title VII. However, for reasons described below, this distinction is irrelevant to our analysis because we find that, even if Mr. Morris had properly brought his claim pursuant to the ADA, his claim would nevertheless be dismissed as he has failed to meet the required notice pleading standard.

**Factual Background**

Plaintiff, Mr. Morris, began his tenure of employment as a bus driver with Defendant, Hertz, in April 2004. Compl. ¶ 5, ¶ 7. In June 2006, while lifting two suitcases in the course of performing his job duties, Mr. Morris injured himself and subsequently filed a workers' compensation claim. As a result of his injury,[2] Mr. Morris was treated by a physician selected by the workers' compensation insurance company, who provided Mr. Morris with a note to give to his employer, which instructed Hertz to place Mr. Morris on light duty. However, according to Mr. Morris, Hertz disregarded the physician's instructions and required him (Mr. Morris) to maintain his same job duties as a bus driver, which he continued to do for approximately two and a half months after suffering his injury. Id. ¶¶ 8-13.

In July 2006, Mr. Morris requested that he be allowed to be treated by a different physician in order to obtain a second opinion regarding his injuries. That request was granted and the second physician who evaluated Mr. Morris recommended that he undergo surgery to treat his injuries. Thus, on September 19, 2006, Mr. Morris underwent surgery for treatment of his injuries and, as a result, was off work from the date of his surgery until October 3, 2006. Id. ¶¶ 14-18.

Upon returning to work, Mr. Morris's physician provided him with a note instructing Hertz that Mr. Morris could perform only modified duties. However,

---

[2] It is unclear from the factual record the exact nature of the injury sustained by Mr. Morris.

according to Mr. Morris, Hertz again ignored the doctor's orders and assigned Mr. Morris to tasks such as remaining seated for hours in a stationary vehicle and placing contract folders and keys in rental cars while his arm was still in a sling. Id. ¶ 21, ¶ 26, ¶ 28. Mr. Morris was required to take medication as part of treatment of his injury and he alleges that, due to the effects of the medication, he fell asleep on the job on October 5, 2006, and then again a few months later. Following the first incident, Mr. Morris was suspended from October 17, 2006, to October 19, 2006, and he was subsequently fired on December 8, 2006, following the second incident. Id. ¶¶ 22-24, ¶¶ 29-30.

Mr. Morris contends that he was terminated for behavior (falling asleep on the job) resulting from Hertz's failure to adhere to his physicians' orders regarding treatment. Mr. Morris further alleges that, whereas Hertz continually violated his doctors' orders, it adhered to doctors' orders received as part of the treatment for other similarly-situated Caucasian employees. On December 13, 2006, Mr. Morris filed his charge of discrimination against Hertz with the Equal Employment Opportunity Commission ("EEOC") and on August 20, 2007, subsequently filed this Complaint alleging discriminatory employment practices by Hertz.

## Legal Analysis

### I.     Standard of Review

Hertz's motion pursuant to Rule 12(b)(6) seeks the dismissal of this action for failure to state a claim upon which relief may be granted. A party moving to dismiss

bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1960 (2007) (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). Thus, we may grant the dismissal only if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic, 127 S.Ct. at 1974.

Further, as the Seventh Circuit has recently held, "it is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, id. at 1968-69, by providing allegations that 'raise a right to relief above the speculative level,' id. at 1965." E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 777 (7th Cir. 2007). In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true and construe all inferences that reasonably may be drawn from those facts in the light most favorable to the nonmovant. Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

## II. Discussion

### A. Failure to Exhaust Administrative Remedies

Hertz first argues that Mr. Morris's claims of discrimination on the basis of color

and national origin exceed the scope of his EEOC charge, and thus, must be dismissed for failure to exhaust administrative remedies. Prior to filing suit in federal court under Title VII, a plaintiff must first exhaust his or her administrative remedies by filing a complaint with the EEOC. Conner v. Illinois Dep't of Natural Resources, 413 F.3d 675, 680 (7th Cir. 2005). In order for Mr. Morris to be deemed to have exhausted his administrative remedies, his claims in the complaint must be within the scope of the charges he filed with the EEOC. Graham v. United Parcel Serv., 519 F. Supp. 2d 801, 808 (N.D. Ill. 2007) (citing Conner v. Illinois Dep't of Natural Resources, 413 F.3d 675, 680 (7th Cir. 2005)).

  A plaintiff cannot allege claims in a lawsuit that are not within the scope of his or her EEOC charge because "the purpose of the EEOC charge is to notify the employer of the nature of the charges against it, and to provide the EEOC with a basis for undertaking an investigation of the allegations as well as to conciliate between the parties." Baker v. Indiana Family & Social Servs. Admin., 260 F. Supp. 2d 731, 735 (S.D. Ind. 2003) (Barker, J.) (citations omitted). "[A] claim in a civil action need not be a replica of a claim described in the charge, but there must be 'a reasonable relationship between the allegations in the charge and the claims in the complaint,' and it must appear that 'the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.'" Vela v. Village of Sauk Village, 218 F.3d 661, 664 (7th Cir. 2000) (quoting Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994)). In order to be reasonably related, "the EEOC charge and the complaint must,

at a minimum, describe the same conduct and implicate the same individuals." Cheek, 31 F.3d at 501.

### 1. Color

Mr. Morris's claim of discrimination based on color is reasonably related to the charges set forth with the EEOC. Although Mr. Morris did not check the box denoting a claim based on "color" on the EEOC charging form, he did state that he believed he was being discriminated against because he is African-American. Additionally, the conduct described in Mr. Morris's EEOC claim is the same as described in his complaint. Given the close connection between the concepts of color and race, a discrimination claim based upon color is reasonably related to Mr. Morris's EEOC charge, or at least could reasonably be expected to grow out of an EEOC investigation of the allegations contained in the EEOC charge. Thus, at this early pleading stage, we find there is a sufficient nexus between the facts alleged in Mr. Morris's complaint and the facts alleged in his charge to preclude dismissal at this time. Accordingly, we DENY Hertz's Motion to Dismiss as to Mr. Morris's color claim.

### 2. National Origin

We cannot, however, conclude that Mr. Morris's claim that he was discriminated against on the basis of his national origin is reasonably related to his EEOC charge. Not only did Mr. Morris fail to check the box for national origin discrimination on the EEOC

charge form, he also failed to refer to national origin discrimination or even identify his national origin in the narrative section of the form (for that matter, did not ever identify his national origin anywhere in his complaint).  Although indicia of national origin can, at times, coincide with those for race or color, we can find no basis for such correlation here.

Additionally, Mr. Morris failed to mention any other characteristic, such as speaking with a particular dialect or accent, using a particular language, or participating in activities associated with identifiable cultural groups, that could support a conclusion that he would be perceived as originating in a particular nation or culture.  See McIntosh v. Illinois Dep't of Employment Sec., 2007 WL 1958577, at *5 (N.D. Ill. 2007).  Instead, all that Mr. Morris has alleged is that he was discriminated against because he is of African-American descent.  Thus, while Mr. Morris's EEOC charge clearly encompasses race discrimination, his allegations neither support nor provide Hertz with notice of a national origin complaint.  Because Mr. Morris's national origin discrimination claim is not within the scope of his EEOC charge, he has not exhausted his administrative remedies as to this claim.  Accordingly, we GRANT Hertz's Motion to Dismiss the national origin claim.

### B. Disability Claim

Hertz has also moved to dismiss Mr. Morris's disability discrimination claim, contending that Mr. Morris has failed to state such a claim because he has not alleged that

he suffers from any impairment that substantially limits him in at least one major life activity. Although Mr. Morris appears to admit that he has not made such a showing, he rejoins that he has provided sufficient notice to satisfy the liberal pleading standard and that, at this stage, he is not required to provide evidence on his claim of disability discrimination.

The ADA provides that an employer shall not "discriminate against a qualified individual with a disability." 42 U.S.C. § 12112(a). The term "disabled" is defined under the ADA as someone who: (1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(2). The regulations implementing the ADA provide that "major life activities" include, but are not limited to, "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." Stein v. Ashcroft, 284 F.3d 721, 724-25 (7th Cir. 2002).

It is true that, under the liberal federal notice pleading standards, plaintiffs alleging an ADA claim are not required to plead facts or evidence to support their allegations, or even include a theory of the case. Homeyer v. Stanley Tulchin Associates, Inc., 91 F.3d 959, 961 (7th Cir. 1996). However, in order to survive a motion to dismiss, an ADA claim must include at least an allegation that the plaintiff is "disabled" within the meaning of the ADA. Mr. Morris has failed to do that here. Beyond alleging that he was "injured while lifting two suitcases during the course of performing his job duties as a bus driver,"

(Compl. ¶ 8), Mr. Morris fails to provide any further details regarding the nature of his injury. Furthermore, while he alleges that he was required to undergo surgery and take medication as a result of his injury, Mr. Morris admits that his treating physicians allowed him to return to work (both after he initially suffered his injury and then again, two weeks after surgery), albeit with certain restrictions.

In short, Mr. Morris makes no claim that he currently has a substantial limitation in a "major life activity," is regarded as having such a limitation, or has a record of such a limitation. In fact, there is no mention of any major life activity at all in Mr. Morris's complaint, much less that he is substantially limited in performing one. Thus, we (and Hertz) are left to guess which, if any, major life activity Mr. Morris is alleging he is unable to perform. Accordingly, we GRANT Hertz's Motion to Dismiss Mr. Morris's disability discrimination claim without prejudice and provide Mr. Morris leave to file an amended complaint consistent with this opinion within thirty days, if the facts of his case warrant such.

### III. Conclusion

For the reasons detailed in this entry, we GRANT IN PART Hertz's Motion to Dismiss as to Mr. Morris's national origin and disability discrimination claims. Mr. Morris's disability discrimination claim is dismissed without prejudice with leave to file an amended complaint consistent with this opinion within thirty days. We DENY IN PART Hertz's Motion to Dismiss as to Mr. Morris's claim of color discrimination.

Because Mr. Morris's race discrimination claim was not challenged, it remains as well.

    IT IS SO ORDERED.

Date: _____07/24/2008_____

    _____
    SARAH EVANS BARKER, JUDGE
    United States District Court
    Southern District of Indiana

Copies to:

Brady J. Rife
MCNEELY STEPHENSON THOPY & HARROLD
bjrife@msth.com

Stephen E. Schrumpf
MCNEELY STEPHENSON THOPY & HARROLD
jlgay@msth.com

Sara J. Siddiqi
ROBERTS & BISHOP
ssiddiqi@roberts-bishop.com

Douglas G. Smith
JACKSON LEWIS
smithd@jacksonlewis.com

Michael T. Wallace
ROBERTS & BISHOP
mwallace@roberts-bishop.com